UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE RIVERA,

      Petitioner,    **MEMORANDUM & ORDER**

 -against-         12-CV-5748 (RJD)
            02-CV-1349 (RJD)

UNITED STATES OF AMERICA,

      Respondent.
----------------------------------------------------------------X
DEARIE, Judge:

  By Memorandum & Order dated June 24, 2002, this Court denied petitioner Jose Rivera's initial application for relief under 28 U.S.C. § 2255. Rivera v. United States, 02 CV 1349 (RJD), slip op. (E.D.N.Y. June 24, 2004) (ECF # 10). On October 22, 2012, Rivera filed a set of papers captioned "Motion for relief from judgment denying initial-review collateral proceeding § 2255 motion to vacate . . . for lack of legal representation or counsel pursuant to Fed. R. Civ. P. Rule 60(b)(6) and intervening change in Supreme Court law," citing Martinez v. Ryan, __ U.S.__, 132 S. Ct. 1309 (March 20, 2012) and Martel v. Clair, __ U.S.__, 132 S. Ct. 1276 (March 5, 2012).

  Although Rivera's papers were initially docketed as commencing a new proceeding under section 2255, they do not in fact challenge the underlying conviction; instead, they complain of the lack of counsel during the 2255 proceedings and so are properly treated as a motion under Fed R. Civ. P. 60(b)(6). See Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction"). Rivera's burden, however, is formidable. See Gonzalez v. Crosby, 545

U.S. 524, 535 (2005) (relief under Rule 60(b)(6) requires "a show[ing of] 'extraordinary circumstances' justifying the reopening of a final judgment") (internal citation omitted).

Rivera argues that his 2255 proceedings should be reopened because, in his view, the recent Supreme Court decisions in <u>Martinez</u> and <u>Martel</u> establish a right to counsel at the 2255 stage.  But Rivera plainly misapprehends these two decisions, neither of which is even arguably applicable to his facts.

<u>Martel</u> requires little discussion.  There, the Court announced the standard to be used when appointing substitute counsel under 18 U.S.C. § 3599, the statute that grants counsel as a matter of right to habeas petitioners facing execution.  <u>See generally</u> 132 S. Ct. at 1281-86.  Rivera is serving a life sentence but is not facing execution nor was he even charged with a capital offense.

<u>Martinez</u> requires slightly more attention, although it likewise deals with an entirely different category of habeas petitioner than Rivera.  <u>Martinez</u> considered the predicament of a state prisoner, seeking relief under 22*54*, who, in procedurally defaulting on his claim that trial counsel was ineffective, may have been the victim of post-conviction counsel's ineffectiveness (or the lack of representation altogether).  The Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  <u>Martinez</u> 132 S. Ct. at 1320.  The Court reasoned that, "[w]here . . . the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many

2

ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." 132 S. Ct. at 1317

Justice Kennedy's majority opinion further explained that the Court's ruling was a "limited qualification," id. at 1319, to the rule of Coleman v. Thompson, 501 U.S. 722 (1991), which held that an attorney's ineffectiveness at the post-conviction stage does not excuse a procedural default. 132 S. Ct. at 1319. Finally, the Court characterized the result "as an equitable matter" and not a "constitutional" holding. Id. at 1319.

It is not entirely surprising that *federal* prisoners are beginning to assert that the 2255 proceeding qualifies as the "first designated proceeding" or "initial-review collateral proceeding" (within the meaning of Martinez, 132 S. Ct at 1320, 1317) in which they can or should meaningfully raise a claim that counsel was ineffective (particularly for reasons requiring amplification of the record). See also Massaro v. United States, 538 U.S. 500, 504 (2003) (claims of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal").

But Martinez simply cannot be read as having disturbed the long-standing rule that there is no right to counsel in section 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"). The few other district courts to have ruled on the question are in accord. United States v. Barber, 05 CR 00015-1, 2012 WL 3990243, at *1 n.1 (W.D. Va. Sept. 10, 2012) (on a Rule 60(b) motion challenging the denial of 2255 relief, rejecting *Martinez*-based claim that petitioner should have had 2255 counsel); United States v. Gorham-Bey, 12 CV 366, 2012 WL 3155652, at *1, n.1 (W.D. Pa.

3

Aug. 2, 2012) (denying *Martinez*-based request for appointment of counsel in section 2255); United States v. Rodriguez-Rivera, No. 07 CR 0026, 2012 WL 2277784, at *1, n. 2 (D. Minn. Jun. 18, 2012) ("Contrary to Rodriguez's suggestion, *Martinez* did not hold that a defendant has a constitutional right to counsel in a § 2255 proceeding"). But see United States v. Speed, 10 CV 3333 (PKC), 2012 WL 1655772, *1 (S.D.N.Y. May 10, 2012) (expressly declining to consider whether pro se 2255 petitioner could resubmit his papers with the assistance of counsel).

Independent of whether Martinez establishes a general right to counsel in 2255 proceedings, Rivera suggests that his case presents a prototypical Martinez situation because, in this Court's 2004 decision denying 2255 relief, it declared that Rivera was "barred" from raising his claim that trial counsel was ineffective. Rivera v. United States, slip op. at 3. But Rivera is mistaken; his position simply requires the Court to be explicit about an obvious way in which the procedural underpinnings of 2254 and 2255 differ: unlike the 2254 petition, a "2255 petition cannot be used to relitigate questions which [sic] were raised and considered on direct appeal." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009), cert. denied, 130 S. Ct. 1090 (2010) (internal quotations and citations omitted). Thus, whereas Martinez involved procedural *default* resulting from a prisoner's *failure* to have raised a claim in a *state's* initial-review proceeding, this Court found that Rivera was "barred" from re-litigating his trial ineffectiveness claim on 2255 because he *had* previously raised it both on appeal and, initially, in his post-trial motion before Judge Nickerson, who afforded it thorough treatment in his published decision. See Cambrelen, 18 F. Supp.2d at 231-32. Of note for Martinez purposes, in the two venues in which Rivera challenged trial counsel's ineffectiveness he was represented by appointed counsel whose effectiveness he does not challenge. Finally, after finding Rivera's ineffectiveness allegations "barred" on 2255, this Court proceeded to reject them on the merits. Rivera, slip op. at 3.

In sum, neither the letter nor the spirit of the Supreme Court's holding in <u>Martinez</u> provides a basis for reopening Rivera's 2255 proceedings.

## CONCLUSION

Rivera's motion under Rule 60(b)(6) to reconsider this Court's June 24, 2002 decision denying section 2255 relief is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and denies *in forma pauperis* status for purposes of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
December 11, 2012